89 F.3d 844
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jimmy Lee CLINE, Petitioner-Appellant,
v.
Charlis MARSHALL, Respondent-Appellee.
 No. 95-17258.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 3, 1996.
 
 Before: BROWNING, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Jimmie Lee Cline appeals pro se the district court's dismissal for failure to exhaust state remedies of his 28 U.S.C. § 2254 habeas petition, challenging his conviction for murder, kidnapping and assault with a deadly weapon.
 
 
 3
 Generally, a state prisoner must exhaust available state remedies before he can raise a federal claim in federal habeas corpus proceedings. See 28 U.S.C. § 2254(b) and (c); Rose v. Lundy, 455 U.S. 509, 515 (1982). Cline conceded in his federal habeas petition that he failed to raise three of his four claims in a state proceeding, because of the ineffectiveness of his counsel, which constitutes his fourth claim. Cline also failed to raise the issue of ineffective assistance of counsel before a state court. Because Cline has not attempted to present any of the issues raised in his federal habeas petition in a state appeal or petition, and there is no indication that Cline is unable to do so, we conclude that the district court did not err in dismissing without prejudice his federal habeas petition.[1] Id.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the denial of Cline's petition under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal